**Cecil HIMES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 17, 1966.

Jackson W. White, Jack L. Miller, Lexington, for appellant.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Cecil Himes appeals from a judgment which sentenced him to life imprisonment pursuant to a verdict finding him guilty of armed robbery. His only claim of error is that he was denied effective assistance of counsel on the trial.

Two attorneys were appointed to represent Himes well in advance of the date of his trial, and they had ample time for preparation. On the day of the trial the presentation of evidence, both for the prosecution and for the defense, was completed by noon (most of the evidence pertained to the matter of identity of Himes as the perpetrator of the crime).

After the noon recess counsel for Himes requested a conference in chambers, which was granted by the judge. Attending were Himes, his attorneys, the Commonwealth's attorney, the judge, and the reporter. Himes' attorneys told the judge that Himes had expressed dissatisfaction with their handling of the case and had indicated a desire

to discharge them. Upon questioning by the judge, Himes said that he was "dissatisfied" with his attorneys (without stating any specific grounds), and that he wanted them discharged. The judge explained to Himes that the trial would not be postponed and that Himes would have a choice either to represent himself or to have other counsel appointed to complete the trial. Himes said he desired other counsel to be appointed. The judge then inquired again, "to be sure," whether Himes wanted his original counsel to be discharged and new counsel to be appointed, with it being understood that the trial would proceed to conclusion without a continuance. Himes reaffirmed that such was his desire. The judge then discharged Himes' original counsel, after thanking them and expressing his opinion that they had represented Himes competently and adequately, "as well as anybody else could have done". The judge then appointed two other attorneys (those who represent Himes on this appeal) and after they had spent around an hour in conference with Himes and his witnesses the trial proceeded with the closing arguments.

The substance of Himes' argument on this appeal is that his decision was not intelligently and understandingly made, because the judge did not fully inform and advise him as to the detriments that could result from discharge of his original counsel, or that he would have the right to raise the question of their inadequacy at a later stage of the proceedings; therefore, he says, he cannot be charged with a waiver of his right to effective assistance of counsel.

A reading of the transcript of the conference in chambers convinces us that Himes was fully cognizant and appreciative of his rights and of the gamble he was taking; that the judge made clear to him what his choices were; and that he acted intelligently and understandingly. Furthermore, it is plain that Himes had no legitimate basis for dissatisfaction with his original counsel and that he was deliberately trying to create

a situation out of which he could raise a claim of deprivation of constitutional rights.

We think probably it would have been better judgment for the trial judge to have refused to discharge the original counsel. However, his letting Himes have the choice in the matter did not result in a violation of any substantial rights of Himes.

It is our conclusion that Himes intelligently and understandingly waived (in fact, insisted upon surrendering) his right to effective assistance of counsel. See Coles v. Commonwealth, Ky., 401 S.W.2d 229.

We intend no reflection on the subsequently appointed counsel who completed the trial and are representing Himes on this appeal. They gave all assistance at the trial that the circumstances permitted, and the ground of error they asserted on this appeal was not of their making.

The judgment is affirmed.